# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | § | |
|---|---|---|
| JEREMIAH DELEON and ERIN FORSHA, as next friend of B.F., a Minor, | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 7:16-cv-00038-O-BP |
| JAY DEE CANTRELL, et al., | § § § | |
| Defendants. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants Troy Parton, Robert Tra Hall, and Paducah Independent School District's Motion to Dismiss Plaintiffs' Original Complaint (ECF No. 8) and Brief in Support (ECF No. 9), filed May 2, 2016; Plaintiffs' Response in Opposition to Defendants Troy Parton, Robert Tra Hall, and Paducah Independent School District's Motion to Dismiss Plaintiffs' Original Complaint, and, Alternatively, Motion for Leave to Amend (ECF No. 19) and Brief in Support (ECF No. 20), filed June 6, 2016; and Defendants Troy Parton, Robert Tra Hall, and Paducah Independent School District's Reply Brief in Support of their Motion to Dismiss Plaintiffs' Original Complaint (ECF No. 22), filed June 20, 2016.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT in part and DENY in part as moot Defendants' Motion to Dismiss (ECF No. 8) and DISMISS for lack of subject-matter jurisdiction Plaintiffs' claims for negligence, gross negligence, and IIED against Paducah ISD and Hall in his official capacity; DISMISS with prejudice Plaintiffs'

claims for negligence, gross negligence, and intentional infliction of emotional distress against Hall and Parton in their individual capacities; DISMISS with prejudice Plaintiffs' claims, if any, against all Defendants regarding failure to report child abuse or failure to establish a policy regarding child abuse reporting requirements; and DISMISS without prejudice Plaintiffs' 42 U.S.C. § 1983 claims against Paducah ISD.

## I. BACKGROUND

Plaintiffs Jeremiah Deleon ("Deleon") and Erin Forsha, as Next Friend of B.F., a Minor ("B.F.") (collectively, "Plaintiffs") filed a civil rights suit against Defendants Jay Dee Cantrell ("Cantrell"), Troy Parton ("Parton"), Robert Tra Hall ("Hall"), and Paducah Independent School District ("Paducah ISD") (collectively without Cantrell, "Defendants"), alleging claims of denial of equal protection and denial of liberty interest in bodily integrity as required by the Fourteenth Amendment to the United States Constitution, brought under 42 U.S.C. § 1983; unlawful discrimination under Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681; failure to adequately train, supervise, and discipline employees; sexual assault and battery; negligence and gross negligence; and intentional infliction of emotional distress ("IIED"). ECF No. 1.

Plaintiffs' claims are based on a series of events that occurred at Paducah High School while Deleon and B.F. were students and members of the boys' basketball team. *Id.* Plaintiffs allege that Cantrell, who was first hired as the boys' basketball team coach and later named principal of the high school, began to have inappropriate sexual relations with Deleon and B.F. *Id.* At one point, B.F. reported an incident to then vice-principal Hall, in which Cantrell directed other basketball players to perform simulated sexual activity on B.F. in the locker room, but Hall failed to notify state authorities or take any other actions aside from administering corporal punishment to the basketball players involved. *Id.* at 9. Cantrell was arrested on January 3, 2014 and pleaded

guilty to one count of sexual assault of a child and three counts of indecency with a child. *Id.* at 10. Cantrell is currently incarcerated in a Texas Department of Criminal Justice facility and, although named as a defendant, has not been served with summons or otherwise appeared in this action. *See* ECF No. 17 at 2. Plaintiffs assert that Parton, as Superintendent of Paducah ISD; Hall, as Principal of Paducah High School; and Paducah ISD are liable for failure to enact and implement procedures and policies that would protect students from inappropriate sexual acts, establishing policies that allowed for inappropriate staff conduct with students, and failure to adequately train or supervise school staff regarding child sex abuse or improper student-teacher relationships. *Id.* at 11-12.

Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of several claims based on failure to state a claim and lack of jurisdiction. *See* ECF Nos. 8, 9. The Motion to Dismiss is confined to the following arguments: (1) Plaintiffs failed to sufficiently plead or allege facts in support of essential elements of their claims against Paducah ISD under 42 U.S.C. § 1983; (2) Plaintiffs' tort claims are barred by the Texas Tort Claims Act (TTCA); (3) Plaintiffs' tort claims against Parton and Hall are barred because Parton and Hall are immune under the Texas Education Code; (4) this Court lacks jurisdiction over Plaintiffs' claims that Defendants failed to follow the school laws of Texas; (5) this Court lacks jurisdiction over Plaintiffs' claims that Defendants failed to report child abuse; (6) Plaintiffs failed to plead intentional conduct on the part of Defendants to support a claim for IIED; (7) Plaintiffs are not entitled to recover on an IIED claim; and (8) Plaintiffs are not entitled to recover on their Title IX claims against Parton and Hall, if any, as a matter of law. ECF No. 8. Plaintiffs, in their Response, contend that the allegations in their Complaint are sufficient and, if

not, the Court should allow them leave to amend their Complaint. ECF No. 19. Defendants filed their Reply to Plaintiffs' Response on June 20, 2016. ECF No. 22.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court

4

may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. ANALYSIS

### A. *State Law Tort Claims Against Defendant Paducah ISD*

It is axiomatic that "[u]nless the Constitution or statutes of the State of Texas expressly waive sovereign immunity or the legislature grants permission to sue, the State of Texas, as well as its agencies and officials, are immune from suit." *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 840 (S.D. Tex. 2003) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). Defendant Paducah ISD argues, and Plaintiffs concede, that the school district is immune from suit on Plaintiffs' tort claims for negligence, gross negligence, and IIED. ECF No. 9 at 5-6; ECF No. 20 at 8. "School districts are immune from suit for all torts under the [Texas Tort Claims Act] except in suits involving the operation or use of motor vehicles." *Dallas Cty. Sch. v. Vallet*, No. 05-16-00385-CV, 2016 WL 7163824, at *2 (Tex. App.—Dallas Dec. 8, 2016, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (West 2015)). Additionally, "the State's waiver of sovereign immunity does not extend to intentional torts." *Bates*, 425 F. Supp. 2d at 840 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2015)). "Intentional infliction of emotional distress is, by definition, an intentional tort." *Id.* (citing *Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993)); *see also Jackson v. Sheriff of Ellis Cty., Texas*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001) ("[T]he limited waiver of sovereign immunity in the TTCA does not, by virtue of § 101.057, extend to intentional torts such as the intentional infliction of

5

emotional distress."). And "[g]overnmental immunity from suit defeats a court's subject matter jurisdiction." *Id.* (citing *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)). Thus, the undersigned RECOMMENDS that Judge O'Connor DISMISS for lack of subject-matter jurisdiction Plaintiffs' claims against Paducah ISD for negligence, gross negligence, and IIED.

### B. State Law Tort Claims Against Defendants Hall and Parton

Plaintiffs' Complaint states that Defendant Parton is sued in his individual capacity, but does not specify whether Defendant Hall is sued in his individual or official capacity, or both. *See* ECF No. 1 at 4-5. Thus, "the course of proceedings" dictates "the nature of the liability sought to be imposed" on Defendant Hall. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 469 (1985)). From the pleadings, it is unclear whether Plaintiffs seek to confine their claims against Hall to his individual capacity, and it is therefore appropriate to address both capacities in determining the application of immunity to Plaintiffs' tort claims against Hall. With respect to Hall in his official capacity, "a public official sued in an official capacity is protected by the same sovereign immunity enjoyed by the governmental unit he represents." *Nueces Cty. v. Ferguson*, 97 S.W.3d 205, 217 (Tex. App.—Corpus Christi 2002, no pet.). Thus, all tort claims against Hall in his official capacity should be DISMISSED for lack of subject-matter jurisdiction for the reasons stated above.

With respect to claims against Hall and Parton in their purported individual capacities, Section 101.106(f) of the TTCA may still extend sovereign immunity to a suit against a government employee in his individual capacity, provided that: "(1) the conduct at issue must have been within the general scope of his employment; and (2) the suit could have been brought 'under this chapter' against the governmental unit." *S.N.B. v. Pearland Indep. Sch. Dist.*, 120 F. Supp. 3d 620, 631 (S.D. Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2015)).

6

"The Texas Supreme Court recently construed the second condition to cover any 'claim [ ] in tort and not under another statute that independently waives immunity.'" *Id.* (citing *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011)). Thus, whether the conduct alleged occurred in the scope of Hall and Parton's employment is dipositive to the tort immunity inquiry. *Id.* Analogously to *S.N.B. v. Pearland Independent School District*, here "the conduct at issue indisputably fell within the scope of the officials' employment" thus requiring that Plaintiffs' tort claims against Defendants Hall and Parton "in their individual capacities must also be dismissed." *Id.* at 632; *see A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 1007 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015) ("The TTCA contains an election of remedies clause that prohibits plaintiffs from suing both a governmental entity and its employees for tort claims."); *see also Camacho v. City of El Paso, Texas*, No. EP15CV00318PRMRFC, 2016 WL 3519662, at *22 (W.D. Tex. June 22, 2016) ("[S]tate law tort claims [for negligence and IIED] against all the individual defendants are considered under state law to be brought against them only in their official capacity.").

Moreover, as Plaintiffs seemingly concede, Hall and Parton "are also entitled to dismissal of [these] claim[s] under section 22.0511(a) of the Texas Education Code, which provides school district employees [with] immunity 'except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.'" *Id.* at 632 n.11; *see* Tex. Educ. Code § 22.0511(a). It appears from the pleadings that Plaintiffs construed Hall and Parton's invocation of immunity from tort claims as an attempt to invoke immunity from all claims, while Hall and Parton intended only to invoke immunity from tort claims. *See* ECF No. 20 at 9; ECF No. 22 at 5. Plaintiffs acknowledge that "[t]he immunity provisions of § 22.051 were intended to bar tort liability." ECF No. 20 at 9. Accordingly, the

7

undersigned RECOMMENDS that Judge O'Connor DISMISS with prejudice Plaintiffs' claims for IIED, negligence, and gross negligence against Defendants Hall and Parton in their individual capacities. *See S.N.B.*, 120 F. Supp. 3d at 632.

*C. Texas Administrative Code and Texas Family Code Claims*

Plaintiffs concede that their allegations regarding violations of the Texas Administrative Code and the Texas Family Code do not form the basis of a specific private cause of action. ECF No. 20 at 10. Although Plaintiffs do not cite to any particular provisions of Texas law with respect to the failure to report child abuse or failure to establish a policy regarding child abuse reporting as giving rise to a cause of action, a claim cannot be stated for either. *See S.N.B.*, 120 F. Supp. 3d at 632 (there is no private right of action or civil liability under Texas Family Code § 261.101 (failure to report child abuse) or Texas Education Code § 38.004 (failure to establish a policy governing the reports of child abuse)). The undersigned therefore RECOMMENDS that Plaintiffs' claims, if any, against any Defendants for failure to report child abuse or failure to establish a policy regarding child abuse reporting requirements be DISMISSED with prejudice.

*D. Section 1983 Claim against Paducah ISD*

To state a claim for relief under 42 U.S.C. § 1983, "plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law." *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Where, as here, "an asserted interest is protected by a constitutional provision that operates only against the State, such as those of the Fourteenth Amendment, plaintiffs must also allege state action to satisfy the first step of alleging an actionable deprivation." *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982)). Therefore, "in § 1983 suits alleging a violation

of the Due Process Clause of the Fourteenth Amendment, [the Fifth Circuit has] collapsed the state action and color of state law inquiries into a single, second step: Plaintiffs must (1) assert a protected 'liberty or property' interest and (2) show that they were deprived of that interest under color of state law." *Id.* (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) (en banc), *cert. denied, Lankford v. Doe*, 513 U.S. 815 (1994)).

In the instant case, Plaintiffs may proceed in their claims against Paducah ISD on two § 1983 theories:

> First, they may attempt to demonstrate the existence of an official custom or policy, which is satisfied if the conduct of [Paducah ISD] employees is so persistent and widespread that it rises to the level of custom and a [Paducah ISD] policymaker actually or constructively knew about the custom. *See Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc). Alternatively, [Plaintiffs] can show that [Paducah ISD], as a result of its "deliberate indifference" to [Deleon and B.F.'s] constitutional rights, failed to adequately train its employees.

*DeShay v. Bastrop Indep. Sch. Dist.*, 180 F.3d 262, 1999 WL 274606, at *1 (5th Cir. 1999).

  *i. Official custom or policy*

"Under § 1983, a municipality or local governmental entity such as an independent school district may be held liable only for acts for which it is actually responsible." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Spann v. Tyler Indep. Sch. Dist.*, 876 F.2d 437, 438 (5th Cir. 1989)). "A municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Therefore, establishing "[m]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell*, 436 U.S. at 694).

9

"Accordingly, 'isolated unconstitutional actions by municipal employees will almost never trigger liability,' [instead,] 'the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Paducah ISD argues that Plaintiffs have failed to sufficiently state the requisite *Monell* elements—namely, that Plaintiffs have not identified any official policy that was the "moving force" behind the violation of constitutional rights. ECF No. 9 at 3-5; ECF No. 22 at 2-4. In support of their allegations against Paducah ISD under Section 1983, Plaintiffs alleged in their Complaint that Paducah ISD approved the policies concerning the hiring of its employees through its board of directors and that its board of trustees had the final decision-making authority with respect to the "customs, practices, policies and procedures complained of herein." *Id.* at 7, 10. Plaintiffs further allege that Paducah ISD "established official policies regarding interaction between teachers and students, maltreatment of children, sexual harassment and gender-based harassment," but do not proffer any allegations in support of how or why those policies were the "moving force" behind the alleged constitutional violations. *See id.* at 11. And finally, Plaintiffs state that "Defendants established other policies that led to the constitutional violations that are complained of herein." *Id.* at 11; ECF No. 20 at 6.

Plaintiffs do not allege, however, that the Paducah ISD Board of Trustees enacted the litany of policies Plaintiffs attribute to "Defendants" and, as it stands in Plaintiffs' Complaint, those policies could be based on the actions of any of the Defendants: Paducah ISD, Cantrell, Parton, or Hall. *See* ECF No. 1 at 11. While it is true that "[a]n official policy may take various forms, including a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy . . . [r]egardless of its form, the policymaker must have actual

10

or constructive knowledge of the official policy or custom." *Fennell*, 804 F.3d at 413 (quoting *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579)) (citing *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)) (internal quotations omitted). Thus, even if the alleged policies and customs existed among the school official defendants, the allegation is insufficient to sustain a claim that the board of trustees itself knew about or condoned such policies. *See id.* (citing *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 250 (5th Cir. 2003)) (the independent school district's board of trustees is the entity with exclusive policymaking authority under Texas Law, such that allegations of policies or customs amongst school district employees is insufficient to attribute liability to the board itself, without more). Plaintiffs have not here sufficiently stated a claim for relief against Paducah ISD because they have not adequately alleged that the Paducah ISD Board of Trustees enacted or had actual or constructive knowledge of any policy that was the "moving force" behind the alleged constitutional violations.

  *ii.*  *Failure to train*

Also in support of their Section 1983 claims against the school district, Plaintiffs complain that Paducah ISD failed to adequately train its employees. ECF No. 1 at 17-18. A claim for failure to train must demonstrate that (1) Paducah ISD's training policy procedures were inadequate, (2) Paducah ISD was deliberately indifferent in adopting its training policy, and (3) Paducah ISD's inadequate training policy directly caused the Plaintiffs' injuries. *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' is 'far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*.'")). "To satisfy the statute, a municipality's

failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989)). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by [the Supreme Court's] prior cases—can a city be liable for such a failure under § 1983." *City of Canton*, 489 U.S. at 389.

In this context, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 398 (1997). A "'policy of inaction' in light of notice that [a municipality's] program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" *Connick*, 563 U.S. at 61 (quoting *City of Canton*, 489 U.S. at 395). However, "to raise sufficient factual allegations to meet the deliberate indifference standard[,]" Plaintiffs must allege either the ordinarily necessary "pattern of similar constitutional violations by untrained employees" or the rare exception of single-incident liability "if the plaintiff's injury is a 'patently obvious' or 'highly predictable' result of inadequate training." *Speck v. Wiginton*, 606 F. App'x 733, 736 (5th Cir. 2015) (citing *Connick*, 563 U.S. at 62-63).

Plaintiffs have alleged no facts in support of any of the three elements of their failure to train claim. The bare allegation that Paducah ISD failed to train and was deliberately indifferent offers no facts in support of a claim entitling Plaintiffs to relief under Section 1983. *See id.* Plaintiffs fail to allege any "facts about what training [Paducah ISD] provided or failed to provide[,]" an element typically satisfied "by alleging facts related to the locality's actual training program." *Id.* Furthermore, Plaintiffs failed to "raise sufficient factual allegations to meet the

deliberate indifference standard[,]" by failing to allege facts in support of either a pattern of similar constitutional violations or single-incident liability. *Id.* "For [Paducah ISD] to be liable for the board's failure to train or supervise the school staff, the Board must have actual or constructive notice of ongoing constitutional violations at the school; otherwise the Board's failure could not be a conscious or deliberate choice." *Yara v. Perryton Indep. Sch. Dist.*, 560 F. App'x 356, 360 (5th Cir. 2014) (citing *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011)). Plaintiffs have failed to state a claim that the board had actual or constructive notice of any ongoing constitutional violations; instead, Plaintiffs concede in their Response that "notice may have, in fact, existed," but argue that, even without pleading any facts in support of notice, they have sufficiently stated a claim. *See* ECF No. 20 at 6. Plaintiffs' argument cannot be reconciled with established Supreme Court precedent. *See Connick*, 563 U.S. at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). Plaintiffs' lack of sufficient factual allegations on an essential element of a claim that they argue entitles them to relief does not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the reasons discussed above, the undersigned RECOMMENDS that Judge O'Connor DISMISS without prejudice Plaintiffs' claims under 42 U.S.C. § 1983 against Paducah ISD.

    *E. Title IX Claims Against Parton and Hall*

The instant Motion to Dismiss also seeks dismissal of Plaintiffs' claims, if any, under Title IX against Parton and Hall individually. ECF No. 9 at 11. Plaintiffs assert in their Response that they are not alleging Title IX claims against Parton and Hall individually. ECF No. 20 at 10. Therefore, to the extent, that the Motion to Dismiss seeks dismissal of Title IX claims against Parton and Hall, the undersigned RECOMMENDS that the Motion be DENIED in part as moot.

## IV. OPPORTUNITY TO AMEND

Though not in the form of a motion, Plaintiffs have requested the Court grant them the opportunity to file an amended complaint. ECF No. 20 at 11. Plaintiffs have not amended their complaint as of right since filing this action, and it does not appear that they have pleaded their best case to the Court. The undersigned finds that Plaintiffs should therefore be accorded an opportunity to amend their complaint to sufficiently state a claim for relief. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

If Plaintiffs do not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' Motion should be GRANTED in part and DENIED in part as moot for the reasons previously stated. If Plaintiffs timely file an amended complaint, however, the Motion should be DENIED as moot, and the action should be allowed to proceed on the amended complaint.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 20, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE