IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JEREMIAH DELEON, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00038-O-BP |
| § | |
| JAY DEE CANTRELL, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Clerk's Entry of Default (ECF No. 60) entered on February 13, 2018; Show Cause Order (ECF No. 61) entered on March 20, 2018; Plaintiffs' Motion for Default Judgment (ECF No. 62) filed on April 3, 2018; Order (ECF No. 66) directing Plaintiffs to file supplemental briefing entered on September 5, 2018; and Plaintiffs' Brief in Support of their requests for punitive damage awards (ECF No. 68) filed on September 27, 2018.

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Plaintiffs' Motion for Default Judgment (ECF No. 62); find that Jay Dee Cantrell's conduct was intentional, knowing, and malicious; award Jeremiah DeLeon $1,000,000 in actual damages and $3,000,000 in punitive damages; award Brennan Forsha $250,000 in actual damages and $250,000 in punitive damages; award Plaintiffs reasonable attorney's fees in the amount of $35,000; award Plaintiffs their costs of court; and enter a Final Judgment in the form attached.

**I.      BACKGROUND**

From 2009 to 2012, Paducah Independent School District ("PISD") employed Jay Dee Cantrell as a high school basketball coach and principal. (ECF No. 62 at 8). While employed at Paducah High School, Cantrell engaged in sexual misconduct with multiple students whom he

taught and coached. (*Id.*). Cantrell preyed on children who were vulnerable, had difficulties at home, and sometimes came from single parent families or families in which the parents were uninvolved in their child's life. (*Id.* at 13-15).

Jeremiah DeLeon was one of Cantrell's victims who fit the profile. (*Id.* at 8). DeLeon lived with his grandmother at the time Cantrell begin sexually abusing him. (*Id.* at 15, 56). Cantrell promised DeLeon that if he attended one-on-one gym "practices" with him, he would promote DeLeon to the varsity-level basketball team. (*Id.* at 14). Cantrell used these "practices" to engage DeLeon in improper and illegal sexual conduct, including the touching of each other's genitals. (*Id.*).

DeLeon alleges that he sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience, and hurt because of Cantrell's actions. (*Id.* at 40-41). DeLeon further alleges that he experienced a loss of quality and enjoyment of life. (*Id.* at 43). Finally, DeLeon testified at an evidentiary hearing held on September 5, 2018 that he suffered from night sweats and nightmares and that he was discharged from the military because of alcohol dependency and insubordination problems that stem from Cantrell's sexual abuse.

While Brennan Forsha was in the seventh, eighth, and ninth grade at PISD, Cantrell also engaged in inappropriate and suggestive conduct with him. (*Id.* at 16). Cantrell's misconduct with respect to Forsha did not include physical contact. Instead, Cantrell practiced basketball with Forsha and imposed "consequences" for his inadequate performance or failure to make shots. (*Id.* at 17). Some of the "consequences" included: (i) forcing Forsha to sit on a bench in his underwear in front of another minor basketball player; (ii) asking Forsha about his sex life; (iii) forcing another player to take off his underwear and hold it over Forsha's head; and (iv) suggesting that he and Forsha engage in sexual acts. (*Id.* at 17-18). Cantrell informed Forsha that these "consequences" were designed to create an embarrassing and stressful atmosphere so that he would

become a better basketball player under pressure. (*Id.* at 17). Forsha was shamed and embarrassed, and experienced emotional and mental anguish, depression, loss of sleep, anxiety, and other effects. (*Id.*).

DeLeon and Forsha filed this case against Cantrell, PISD, and certain PISD administrators claiming Fourteenth Amendment right violations under 42 U.S.C. § 1983 and sexual assault and intentional infliction of emotional distress under Texas law. (ECF No. 1). Cantrell, however, is the only remaining defendant. Although Cantrell was personally served with process, he has not answered the Plaintiffs' complaint or otherwise defended against this case. Consequently, the Clerk entered default (ECF No. 60) on February 13, 2018. The undersigned then entered a Show Cause Order (ECF No. 61), requiring DeLeon and Forsha to either "file a status report stating the relief they seek or file a motion for default judgment against . . . Cantrell pursuant to Rule 55(b)." (*Id.*).

In compliance with that Order, DeLeon and Forsha moved for default judgment against Cantrell. (ECF No. 62). In their Motion, DeLeon requested actual damages in the amount of $1,000,000 for past and future mental anguish and psychological and emotional pain and suffering. (*Id.* at 3). DeLeon also requested punitive damages in the amount of $10,000,000. (*Id.*). Forsha requested actual damages in the amount of $500,000 for past and future mental anguish and psychological and emotional pain and suffering, and punitive damages in the amount of $1,000,000. (*Id.* at 4).

The undersigned held an evidentiary hearing on DeLeon and Forsha's Motion on September 5, 2018. (ECF No. 67). Their attorney, Robert S. Hogan, requested $35,000 in attorney's fees at the hearing. He testified that he expended approximately 100 hours on DeLeon and Forsha's case and that this was a reasonable amount of time. He further testified that his hourly

3

rate was $350 per hour, which is a usual and customary rate charged for similar § 1983 cases occurring in rural areas of Texas.

After hearing argument at the evidentiary hearing, the undersigned ordered Plaintiffs to file supplemental briefing on the issue of punitive damages. (ECF No. 66). Plaintiffs complied and submitted a supplemental brief (ECF No. 68) addressing the issue of punitive damages on September 27, 2018.

## II.    LEGAL STANDARD

### A.  Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) requires the clerk, upon proper proof, to enter a default against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Appearance" for purposes of Rule 55 is not "confined to physical appearances in court or the actual filing of a document in the record." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Instead, an appearance is any act, including informal acts, on a defendant's part that are responsive to plaintiff's formal action and may be deemed "sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *Id.*; *see also Charlton L. Davis & Co. P.C. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir. 1977) (Rule 55 requirement met by defendant's lawyer sending letter to and having a telephone conversation with plaintiff's counsel, though nothing filed of record).

### B.  Punitive Damage Awards for Cases Arising Under 42 U.S.C. § 1983

In *Smith v. Wade*, the Supreme Court determined that punitive damages can be awarded "in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." 461 U.S. 30, 56 (1983). "[R]eckless indifference has been described as 'a subjective

4

consciousness' of a risk of injury or illegality and a 'criminal indifference to civil obligations.'" *Henry v. Corpcar Servs. Houston, Ltd.*, 625 Fed. Appx. 607, 614 (5th Cir. 2015) (quoting *Smith*, 461 U.S. at 37 n.6, 41, 56) (internal quotations omitted).

Although the Supreme Court has not clearly defined when punitive damage awards become excessive, it has provided guidance for the lower courts in assessing punitive damage awards. In *BMW of N. Am. v. Gore*, the Court identified three factors to consider in examining punitive damage awards: "the degree of reprehensibility of the [defendant's conduct]; the disparity between the harm or potential harm suffered by [plaintiff] and his punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases." 517 U.S. 559, 575 (1996).

### C. Punitive Damage Awards for Claims Under Texas Law

Chapter 41 of the Texas Civil Practice and Remedies Code limits punitive damages against a defendant unless "a plaintiff seeks recovery of exemplary damages based on conduct described as" one of seventeen enumerated felonies. Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (West 2015). Those felonies include, among others, sexual assault, injury to a child, and continuous sexual abuse of a young child or children. *Id.*, § 41.008(c). If the conduct for which a plaintiff seeks recovery does not arise from one of the enumerated felonies, then the punitive damages awarded "may not exceed an amount equal to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." *Id.* at § 41.008(b).

### III. ANALYSIS

#### A. Plaintiffs' Motion for Default Judgment should be Granted.

Cantrell has never appeared in this action for purposes of Federal Rule of Civil Procedure

5

55. The Affidavit of Plaintiffs' counsel, Mr. Hogan, proves that Cantrell is not serving in the United States military forces for purposes of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901-4043 (Supp. 2018). (ECF No. 62 at 82-84). Thus, the Clerk's entry of default (ECF No. 60) on February 13, 2018 was proper. The undersigned recommends that Judge O'Connor grant Plaintiffs' Motion for Default Judgment (ECF No. 62).

### B. Judge O'Connor Should Find that Cantrell's Conduct was Intentional, Knowing, and Malicious.

The evidence presented in support of Plaintiffs' Motion for Default Judgment includes the transcript of DeLeon's oral deposition taken on May 2, 2017 (*Id.* at 49-63), transcript of Forsha's oral deposition taken on May 3, 2017 (*Id.* at 66-75), and DeLeon's testimony at the evidentiary hearing on September 5, 2018. This evidence proves that Cantrell's conduct toward the Plaintiffs was intentional, knowing, and malicious.

### C. DeLeon Should be Awarded Actual Damages of $1,000,000 and Punitive Damages of $3,000,000.

In his Motion for Default Judgment, DeLeon requested actual damages in the amount of $1,000,000 for past and future mental anguish and psychological and emotional pain and suffering. (*Id.* at 3). DeLeon also requested punitive damages in the amount of $10,000,000. (*Id.*). DeLeon alleges that he sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience, hurt, and a loss of quality and enjoyment of life because of Cantrell's actions. (*Id.* at 40-43). The testimony from his oral deposition on May 2, 2017 proves these allegations. (*Id.* at 49-63). Further, DeLeon testified at the evidentiary hearing that he suffered from night sweats and nightmares and that he was discharged from the military because of alcohol dependency and insubordination problems that stem from Cantrell's sexual abuse. DeLeon's request for actual damages is well-taken and is supported by the evidence of mental and emotional pain and suffering caused by Cantrell. This evidence supports an actual damages award of $1,000,000 as sought.

As to DeLeon's claim for punitive damages under Texas law, there is evidence in the record that Cantrell pleaded guilty to and was convicted of one count of sexual assault of a child under Section 21.011 of the Texas Penal Code. (ECF No. 62 at 80-83). Although this offense is one of the enumerated felonies under § 41.008(c) of the Texas Civil Practice & Remedies Code, the judgment of conviction does not state that Cantrell committed the offense against DeLeon. Nor does the other evidence in the record support such a conclusion. Therefore, an award of exemplary damages to DeLeon under Texas law would be limited to $750,000, which represents the amount of his noneconomic damages, not to exceed $750,000. Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (West 2015).

In considering DeLeon's claim for punitive damages under 42 U.S.C. § 1983, the undersigned applies the Supreme Court's three factors from *BMW*.

   *1. The Degree of Reprehensibility of Cantrell's Conduct*.

The undersigned's first inquiry is whether the amount of punitive damages that DeLeon requests is reasonable given the reprehensibility of Cantrell's conduct. It is without question that Cantrell's conduct is reprehensible. Plaintiffs allege that Cantrell engaged in sexual misconduct from 2009 to 2012 with multiple students whom he taught and coached at Paducah High School. (ECF No. 62 at 8). Cantrell clearly abused his position of power and authority to sexually exploit DeLeon and other children like him for his personal gratification. Therefore, Cantrell's conduct is reprehensible.

   *2. The Disparity between the Harm or Potential Harm Suffered by DeLeon and His Request for Punitive Damages*.

DeLeon seeks an award of punitive damages in an amount ten times that of his actual damages. With respect to the ratio of actual damages to punitive damages, the Supreme Court has stated that no "bright-line ratio" exists, but that "few awards exceeding a single-digit ratio between

7

punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm v. Campbell*, 538 U.S. 408, 425 (2003). The Court further stated that in other cases, "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *Id.* Finally, the Court explained that there is a 700-year legislative history that demonstrates "what should be obvious: Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range" of double and triple digits. *Id.*

Considering this guidance and the evidence presented by DeLeon, the undersigned finds that DeLeon's punitive damages request exceeds the single digit ratio that is more likely to comport with due process. This is because there is too great a "disparity between the harm or potential harm suffered by [plaintiff] and his punitive damages . . ." request. *BMW*, 517 U.S. at 575.

> 3. *The Difference between DeLeon's Request for Punitive Damages and the Civil Penalties Authorized or Imposed in Comparable Cases*.

Finally, the undersigned must examine the difference between the amount of DeLeon's requested punitive damages and the civil penalties authorized or imposed in comparable cases. There is no applicable civil penalty regime that would apply to this type of case.

Based on all the applicable legal factors and the evidence presented, the undersigned concludes that an award of $3,000,000 in punitive damages to DeLeon is appropriate and just under the facts and circumstances established by the evidence in this case.

**D. Forsha Should be Granted Actual Damages of $250,000 and Punitive Damages of $250,000**.

Forsha requests actual damages in the amount of $500,000 for past and future mental anguish, embarrassment, depression, loss of sleep, anxiety, and other effects of Cantrell's abuse and $1,000,000 in punitive damages. (*Id.* at 4, 18). An award of actual damages in the amount of $250,000 is appropriate and just based on the evidence that proves that Cantrell's conduct toward

Forsha, though it was improper and inappropriate, did not result in any physical contact of a sexual nature. For the reasons previously given in connection with DeLeon's punitive damages claim under Texas law, there is no evidence in the record that Cantrell committed one of the felonies enumerated in § 41.008(c) of the Texas Civil Practice & Remedies Code against Forsha. Based upon the amount of actual damages awarded on Forsha's pendent state law claims, therefore, Texas law limits his punitive damages award to $250,000. Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (West 2015).

In considering Forsha's request for punitive damages on his claim under 42 U.S.C. § 1983, the undersigned again applies the *BMW* factors.

  *1. The Degree of Reprehensibility of Cantrell's Conduct*.

Cantrell's sexual misconduct with respect to Forsha was reprehensible. Forsha has alleged that Cantrell engaged "in a series of inappropriate activities and contact" with him. (*Id.* at 16). However, there was no evidence of direct physical contact between Cantrell and Forsha that was of a sexual nature. (*Id.* at 70-75). Cantrell offered and requested such contact, but the contact did not occur. Forsha did not testify at the evidentiary hearing, but his deposition testimony proves that Cantrell acted improperly toward him and that there was no physical contact. (*Id.* at 66-75).

  *2. The Disparity between the Harm or Potential Harm Suffered by Forsha and His Request for Punitive Damages*.

With respect to the second *BMW* factor, there is not a large disparity between the $500,000 that Forsha requests in actual damages and his punitive damages request.

  *3. The Difference between Forsha's Request for Punitive Damages and the Civil Penalties Authorized or Imposed in Comparable Cases*.

As with DeLeon's claims, there is no comparable civil penalty that would apply to Forsha's claims against Cantrell.

Based on the legal authorities and evidence presented, the undersigned concludes that an award of punitive damages in the amount of $250,000 to Forsha is appropriate and just under the circumstances.

### E. Although Plaintiffs' Claims Sound in State and Federal Law, the Undersigned Does Not Recommend that Plaintiffs be Awarded Punitive Damages Under Each Possible Theory of Recovery.

DeLeon and Forsha argue that they should recover separate punitive damage awards on their state law claims of sexual assault and intentional infliction of emotional distress and federal § 1983 claims for violation of the Fourteenth Amendment. (ECF No. 68 at 5). In their view, because they brought separate state and federal law claims, the Court should award multiple punitive damages awards for each possible theory of recovery. (*Id.*).

Plaintiffs cite *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442 (10th Cir. 1997) and *Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir. 1991) to support their argument. Neither case is binding precedent here. In the Fifth Circuit, "[w]hen a federal claim overlaps a pendent state law claim, the plaintiff is entitled to the maximum amount recoverable under either the federal or state claim." *Miller v. Raytheon Co.*, 716 F.3d 138, 146 (5th Cir. 2013) (employment claims under the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act). *See also Cyrak v. Lemon*, 919 F.2d 320 (5th Cir. 1990) (federal securities law and state contract claims).

Plaintiffs' claims under federal law and Texas law overlap and arise from the same actionable conduct of Cantrell. Plaintiffs claim the same injuries under each underlying state and federal law claim, not separate and distinct injuries. The undersigned finds that the total amount of actual damages and punitive damages that DeLeon could recover is greater under federal law than Texas law and is the same for Forsha under either law. DeLeon would be entitled to a judgment of $1,750,000 under Texas law and a judgment of $4,000,000 under federal law if Judge

O'Connor accepts the undersigned's recommendation. Forsha's judgment would include total damages of $500,000 under either federal or Texas law. Given these circumstances, the undersigned recommends that Judge O'Connor award actual and punitive damages as previously described and not award separate and additional punitive damage awards to each Plaintiff as they have requested.

### F. Plaintiffs Should be Awarded $35,000 in Reasonable Attorney's Fees.

Plaintiffs request an award of $35,000 in attorney's fees under "42 U.S.C. § 1988, 20 U.S.C. § 1681, and other laws." (ECF No. 62 at 43). The undersigned finds that the Plaintiffs are prevailing parties for purposes of 42 U.S.C. § 1988 and are entitled to recover their reasonable attorney's fees in connection with the prosecution of this case. The undersigned does not find that the Plaintiffs are entitled to recover attorney's fees under any other provision of federal or Texas law and does not recommend that Judge O'Connor award attorney's fees to them under any other provision.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)). To arrive at the lodestar, the court multiplies the hours reasonably spent in the case by the hourly rate that is usual and customary in the area. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

After calculating the appropriate lodestar, the Court may also consider additional factors as set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The lodestar is presumed to

be reasonable and should not be modified except in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The undersigned finds this is not an exceptional case that warrants the application of *Johnson* factors that would lead to a raising or lowering of the lodestar amount in arriving at an award of reasonable attorney's fees.

Plaintiffs' counsel, Mr. Hogan, testified that he expended approximately 100 hours on Plaintiffs' case and that this was a reasonable amount of time for such a case. Given that this case involves two plaintiffs and has been ongoing since March 23, 2016, the undersigned agrees. Mr. Hogan also testified that his hourly rate for this case was $350 per hour and that this is a usual and customary rate for § 1983 cases occurring in rural areas of Texas. The undersigned agrees that this is a usual and customary fee for this type of case in the Wichita Falls area. After multiplying the number of hours Mr. Hogan expended on this case by his normal billing rate of $350 per hour, the reasonable, necessary, usual, and customary attorney's fees amount to $35,000, and the undersigned recommends that Judge O'Connor award that amount.

## IV.   CONCLUSION

The undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Plaintiffs' Motion for Default Judgment (ECF No. 62); find that Cantrell's conduct was intentional, knowing, and malicious; award DeLeon $1,000,000 in actual damages and $3,000,000 in punitive damages; award Forsha $250,000 in actual damages and $250,000 in punitive damages; award DeLeon and Forsha reasonable attorney's fees in the amount of $35,000; award Plaintiffs their costs of court; and enter a Final Judgment in the form attached.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    It is so **ORDERED** on **November 1**, **2018**.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **JEREMIAH DELEON,** *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00038-O-BP |
| § | |
| **JAY DEE CANTRELL,** § | |
| § | |
| Defendant. § | |

## FINAL JUDGMENT

The Court grants Plaintiffs' motion for entry of a final default judgment in favor of the Plaintiffs and against Defendant Jay Dee Cantrell because of the Defendant's failure to timely answer the Plaintiffs' First Amended Complaint. A final default judgment is hereby entered in favor of Plaintiffs Jeremiah DeLeon and Brennan Forsha against Defendant Jay Dee Cantrell in the total amount of $4,500,000.00, plus reasonable and necessary attorney's fees in the amount of $35,000.00 and costs in this action. This judgment is a final judgment on all claims and causes of action brought by the Plaintiffs against Defendant.

The Court finds that the conduct of Defendant Jay Dee Cantrell which results in this judgment was committed intentionally, knowingly, and maliciously.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff Jeremiah DeLeon recover the sum of $1,000,000.00 in actual damages and the sum of $3,000,000.00 in punitive damages from Defendant Jay Dee Cantrell, plus his reasonable and necessary costs; and it is further

ORDERED, ADJUDGED and DECREED that Plaintiff Brennan Forsha recover the sum of $250,000.00 in actual damages and the sum of $250,000.00 in punitive damages from Defendant Jay Dee Cantrell, plus his reasonable and necessary costs; and it is further

ORDERED, ADJUDGED and DECREED that Plaintiffs recover the sum of $35,000.00 in reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and it is further

ORDERED, ADJUDGED and DECREED that Plaintiffs recover post-judgment interest on the total amount awarded at an annual rate of 2.66% per annum from the date of this Final Judgment until it is paid in full.

SIGNED THIS this _____ day of _____, 2018.

                                                                                      _____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE